IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  1:11cr585 |
| | ) | |
| TRACEY FELLS | ) | |
| | ) | |

DEFENDANT'S POSITION WITH
RESPECT TO SENTENCING

Defendant, by and through Counsel, in accordance with 18 U.S.C. § 3553(a) and Section

6A1.2 of the Sentencing Guidelines and Policy Statements submits this memorandum regarding

the sentencing factors.

**Presentence Report and Advisory Sentencing Guidelines.**

The defendant has no additions or corrections to the facts contained in the presentence

report and does not dispute the calculation of the sentencing guidelines of 210-262 months by the

probation officer but is seeking a variance to a sentence at or near the mandatory minimum 120

months.

**Variance**

The defendant asks the Court to consider a variance from the adjusted guideline range of

210-262 months to a sentence at or near the mandatory minimum of 120 months.  The defendant

agrees that he was involved in Frazier's conspiracy which involved more than 8.4 kilograms of

crack cocaine but has always maintained and it is undisputed that he was not personally or

otherwise involved in or responsible for the distribution of 8.4 kilograms of drugs.

The government's investigation revealed that Frazier was the organizer and leader of the

1

conspiracy[1] and that Frazier was responsible for the distribution of 8.4 kilograms of crack which was supplied to him by co-defendants Freeman and Francis.  Co-defendants Jones, Griffith and Henderson were integral parts of Frazier's conspiracy assisting Frazier by driving him to obtain drugs from Francis and by driving Frazier to locations to sell drugs or by delivering drugs for Frazier.

The guideline ranges for Freeman and Fells should have been reversed.  Freeman's guidelines should have been a level 38 for the 8.4 kilograms of crack and cocaine that he distributed to Francis and Frazier while Fells' guidelines should have been a level 33 based on his limited involvement in the conspiracy

The government completely underestimated Freeman's role in the conspiracy.  The government was unaware of Freeman's role in the conspiracy supplying cocaine to Francis who, in turn, supplied Frazier.  Because the government was not aware of the extent of Freeman's role in the conspiracy, the government only held Freeman responsible for 840 grams to 2.8 kilograms of crack whereas Francis and Frazier were both held responsible for 8.4 kilograms of crack which Freeman had supplied them.

On the other hand, the government overestimated Fells role in the conspiracy, mistakenly assuming because of his past criminal history that Fells was one of Frazier's main suppliers. Frazier was selling crack and powder cocaine and Fells was selling marijuana and ecstacy pills. Fells was aware of that Frazier was buying and selling significant quantities of powder cocaine and crack because Frazier and Fells would talk frequently on the phone and Frazier would

---

[1]     Unlike Frazier who received a three level enhancement for his role as a leader or supervisor in the conspiracy, Fells was not given any enhancement for role in the conspiracy because he had no leadership or supervisory role in the conspiracy.

2

discuss his drug dealing with Fells.  The government was listening to Frazier's phone conversations and "Fatboy's" name would come up during Frazier's conversations with Fells. The supplier for both Frazier and Fells was nicknamed "Fatboy" leading the government to believe that the same "Fatboy" was supplying both Frazier and Fells.  As it turned out, there were two different "Fatboys," one who sold cocaine to Frazier and the other who sold marijuana and ecstacy pills to Fells.

In debriefings with the government, Frazier acknowledged that Fells was not one of his main suppliers.  Frazier told investigators that from late 2009 until on or about October 2010, Frazier obtained either 31 grams or 62 grams of cocaine five times from Fells.  Then in November 2011, Fells acted as a middleman between Frazier and Tobias Reed for two 1 ounce crack deals.[2]  Frazier stated that Fells also sold Frazier 30 ecstacy pills and some marijuana. According to Frazier, that was the extent of Fells involvement in the conspiracy.

Based on the amount of drugs that Frazier stated that Fells was involved with in the conspiracy, Fells would be at offense level 26, 78-97 months, and with acceptance of responsibility he would be at offense level 23, 57-71 months.[3]  Thus, if Fells were held responsible for only his involvement in the Frazier conspiracy, he would only be looking at a

---

[2]     While Reed claimed that he was attempting to gain favor with the Fairfax County police by setting up Frazier but it is clear that the Fairfax County police were not involved in and did not have prior notice of Reed's dealings with Frazier which would indicate that Reed was not working for the Fairfax County police.

[3]     The five cocaine transactions of between 31 and 62 grams would have totaled somewhere between 155 to 310 grams of cocaine.  The two crack transactions would have totaled approximately 56 grams of crack.  That amount of crack and powder cocaine are the equivalent of approximately 287 to 318 kilograms of marijuana which would be an offense level 26, 100 to 400 kilograms of marijuana.

mandatory minimum of five years.  Instead, the government's offer to Fells was to a conspiracy involving 8.4 kilograms of crack carrying a mandatory minimum of ten years or face 21 U.S.C. § 851 enhancements if he did not accept the plea.  Fells accepted the plea offer.

The government's treatment of Fells was completely different that its treatment of other members of the conspiracy.  Jones, Henderson and Griffith who were involved on a daily basis with Frazier's crack conspiracy and who knew or should have known about the 8.4 kilogram amount of crack and cocaine that Frazier was distributing were permitted to plead to the amount of drugs they were personally involved with rather than plead to the amount of drugs that they knew or should have been aware Frazier was distributing.

The government also gave everyone else in the conspiracy the opportunity to cooperate upon being arrested.  Some took advantage of the offer and others did not.  Fells was not given that opportunity and he lost any opportunity to cooperate against any of the co-defendants in the case.  When Fells was prosecuted by the United States Attorney's Office in Alexandria in 1989 he refused to talk to law enforcement and refused to cooperate.  So in 2011, the government assumed that when Fells was arrested he would once again refuse to talk and refuse to cooperate and they did not give him an opportunity to make a post-arrest statements or to cooperate even though he tried to inform the government through counsel that he was willing to cooperate.

Now citing the 1989 conviction, the government seeks a sentence of 240 months for Fells because his prior conviction involved five counts of distribution of crack.  In 1989, Fells was involved in a crack conspiracy and Fells or a co-conspirator made five distributions of crack totaling 212.62 grams to an individual who was cooperating with the DEA.  At that time the 212 grams of crack required a mandatory minimum ten years of incarceration.  Today the same 212

4

grams of crack carries a mandatory minimum five years of incarceration.

Fells is facing a ten year mandatory minimum sentence even though the amount of drugs he was involved with in the conspiracy would carry a five year mandatory sentence. So Fells is going to receive a sentence twice that of what he should be receiving had the government extended to Fells the same courtesy of being held responsible for his own involvement in the conspiracy and not for the total amount of drugs distributed in the conspiracy.

Fells was among the least culpable members of the conspiracy. Unlike Jones, Griffith and Henderson who assisted Frazier in obtaining and selling drugs on a daily basis, Fells was not involved in the day to day distribution of crack and had a limited involvement with the conspiracy. Unlike Freeman and Francis who were involved in supplying Frazier with kilogram quantities of cocaine, Fells was involved with less than half a kilogram of cocaine. The government acknowledges that Fells was less central to the conspiracy than either Freeman or Francis and certainly much less than Frazier.

For these reasons, a variance to a sentence at or near 120 months is requested.

## 18 U.S.C. § 3553(A) Sentencing Factors.

**1.     A.  Nature and circumstances of the offense.**

Fells became friends with Frazier in South Carolina where both were on supervised release. Fells returned to the Washington, D.C. area to be near his mother who had cancer. When Frazier moved to the Washington, D.C. area, Fells and Frazier resumed their friendship. Frazier helped Fells when Fells was evicted from his apartment when he was not able to pay the rent because his payroll checks from Peace-a-holics, the organization for whom Fells was working, were returned for insufficient funds.

5

Once in Washington, D.C., Frazier started selling crack and powder cocaine which he obtained from co-defendant Francis who obtained the drugs from co-defendant Freeman.  Co-defendants Jones, Griffith and Henderson assisted Frazier in his drug conspiracy transporting Frazier to buy and sell drugs and assisting Frazier in the sale of drugs.  Fells became a peripherally involved in Frazier's conspiracy but was never fully involved.  Fells was involved in the sale of cocaine to Frazier early in the conspiracy and then late in the conspiracy, Fells was the middleman in the sale of crack by Frazier to Tobias Reed.

Fells was selling small amounts of marijuana and ecstacy on his own and he sold Frazier ecstasy.

**B.  Defendant's background.**

Tracey Fells grew up with learning disabilities and emotional problems and was placed in special education classes at an early age.  He managed to graduate from T. C. Williams High School in Alexandria.  Since he was an outstanding football player in high school, everyone expected that Tracey would go on to play college football but he was not big enough to be a college lineman and his grades were not very good.  He attended Tidewater Community College for a while but eventually dropped out and returned to Alexandria.

Once home in Alexandria, he became involved in the selling crack.  Tracey was arrested and charged with five counts of crack distribution in the United States District Court.  He was convicted after a jury trial and was sentenced to 20 years incarceration.

Tracey was released from the BOP in August 2006 and had a number of supervised release violations during his supervised release term primarily involving marijuana use.  He also had a number of traffic violations during that period of time.

6

Tracey was employed as a concierge/housekeeping employee at a Marriott hotel in South Carolina after his release from prison.  He was hard working, friendly and courteous to the guests.  He demonstrated a great deal of potential as noted by the glowing reference from the Executive Housekeeper at the Marriott in Columbia, South Carolina.

When he moved to Virginia he was employed by Peace-a-holics as an outreach specialist talking to youngsters.  He was doing very well at Peace-a-holic until the organization lost its funding and folded leaving Tracey with payroll checks that bounced when he tried to cash them.  His message to the youngsters about the dangers of drugs and his misspent youth was well received by them.  Unfortunately, he was not able to follow his own advise and has become embroiled in the drug world again.

Tracey became involved in selling marijuana and ecstacy in Alexandria and also began using drugs for the first time when he began using marijuana.  As noted by his supervised release violations he was using marijuana on a frequent basis.

Tracey's adjustment has been mixed overall considering he has spent nearly half of his life behind bars.  He was incarcerated when he was 19 years old and was released when he was 37 years old.  Tracey has had a difficult time making the adjustment to civilian life outside of prison but initially refused to admit that he was having problems.  It was only after he admitted to himself and to the probation officer that he was having adjustment problems did he begin to adjust.  As a convicted felon, Tracey found that there were very few job opportunities for him.

He has been in a relationship for the past 6 years with Shanelle Holland and has a five year old and another child on the way.  He wants to get back to his family as soon as he can and is doing everything he can to that end.  Hopefully, he will be back before the court again in the

7

near future.

**2.    The sentence will adequately and reasonably reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  The sentence will afford adequate deterrence to criminal conduct and will adequately and reasonably protect the public from further crimes of the defendant.**

The defendant's guideline range is 210-262 months.  A sentence at or near the mandatory minimum of 120 months is more than sufficient to reflect the provide a just punishment, deter the defendant and protect the public from further crimes of the defendant.  The sentence will also reflect the seriousness of the offense and promote a respect for the law.

**3.    The sentence is necessary to provide the defendant with needed educational training, medical care, and other correctional treatment in the most effective manner.**

If incarcerated, the defendant could benefit from additional educational and vocational training offered by the Bureau of Prisons to learn a trade or skill in order to obtain full-time employment after his release.  The defendant would also benefit from the 500 hour intensive drug treatment program.

**4.    Types of sentences available.**

A term of incarceration is required.

**5.    Whether the sentence will create an unwarranted disparity between the defendant and others with similar records who have been found guilty of similar conduct.**

A sentence at or near the mandatory minimum of 120 months will not create a disparity between the defendant and the co-defendants in this case.  Jones, Henderson and Griffith who were integral parts of the Frazier conspiracy all received sentences substantially below their advisory guideline range.  Freeman who supplied the 8.4 kilograms of cocaine to the Frazier conspiracy was only sentenced to 135 months which was substantially less than he should have

8

received and Francis who supplied the 8.4 kilograms of cocaine to Frazier was sentenced to 168 months. Frazier who was the organizer and leader of the conspiracy was sentenced to 324 months. While Fells participation in the conspiracy was less than Frazier's minions Jones, Henderson and Griffith in the hierarchy of the conspiracy, realistically a sentence somewhere between the minions, Jones, Henderson and Griffith and the suppliers, Freeman and Francis, would be appropriate.

Thus, a sentence at or near the mandatory minimum of 120 months would be comparable to the sentences received the other members of the conspiracy.

**Fine, Restitution.**

The defendant has limited assets and cannot afford to pay a fine, costs of incarceration, supervised release or probation.

**Sentencing Position.**

The defendant asks the Court for a sentence at or near the mandatory minimum 120 months. Such a sentence will reflect the nature and circumstances of the offense and the characteristics of the defendant, the seriousness of the offense, promote respect for the law and provide just punishment for the offense. The sentence will afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant asks that the Court recommend placement in facility that has the RDAP intensive drug treatment program such as FCI Ft. Dix, New Jersey, FCI Cumberland, Maryland or FCI Petersburg, Virginia so he can take part in the 500 hour intensive drug treatment program.

Respectfully submitted,

Tracey Fells

9

By Counsel

_____/s/_____
Alan H. Yamamoto VSB #25872
Attorney for Tracey Fells
Law Offices of Alan H. Yamamoto
643 S. Washington Street
Alexandria, Virginia  22314
Phone:  (703) 684-4700
Fax: (703) 684-6643
yamamoto.law@verizon.net

CERTIFICATE OF SERVICE

I certify that on the 17th day of July 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael Ben'Ary, Esquire
Andrew Peterson, Esquire
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA  22314,

A copy of the foregoing will be emailed to

Tracey M White
U.S. Probation Office
401 Courthouse Square
Alexandria, Virginia

_____/s/_____
Alan H. Yamamoto VSB #25872
Attorney for Tracey Fells
Law Offices of Alan H. Yamamoto
643 S. Washington Street
Alexandria, Virginia  22314
Phone:  (703) 684-4700
Fax: (703) 684-6643
yamamoto.law@verizon.net

10